IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| REGINALD L. THOMAS and DONALD E. GREENWELL, III TRUSTEES OF THE GREATER KANSAS CITY LABORERS PENSION FUND, | ) ) ) ) |
| and | ) ) |
| GREATER KANSAS CITY LABORERS WELFARE FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| REGINALD L. THOMAS and DONALD E. GREENWELL, III TRUSTEES OF THE GREATER KANSAS CITY LABORERS WELFARE FUND, | ) ) ) ) **No.** |
| and | ) ) |
| GREATER KANSAS CITY LABORERS VACATION PLAN, a Trust Fund, | ) ) ) |
| and | ) ) |
| REGINALD L. THOMAS and DONALD E. GREENWELL, III TRUSTEES OF THE GREATER KANSAS CITY LABORERS VACATION PLAN, | ) ) ) ) |
| and | ) ) |
| GREATER KANSAS CITY LABORERS TRAINING FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| REGINALD L. THOMAS and DR. RICHARD BRUCE TRUSTEES OF THE GREATER KANSAS CITY LABORERS TRAINING FUND, | ) ) ) ) |
| Plaintiffs, | ) ) |

{00414476;L18-211;ADS }

|  |  |
|---|---|
| vs. | ) |
|  | ) |
| **FOUNDATION BUILDING MATERIALS, LLC d/b/a** | ) |
| **FBM formerly operating as** | ) |
| **FBM/WAGNER DISTRIBUTION, LLC** | ) |
| **[SERVE:   COGENCY GLOBAL, INC.** | ) |
| **            9666 Olive Blvd., Suite 690** | ) |
| **            St. Louis, MO 63132]** | ) |
|  | ) |
| Defendant. | ) |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Greater Kansas City Laborers Pension Fund, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

2. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund; Plaintiff, Greater Kansas City Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3. Said Plaintiff Fund was established on April 24, 1965, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264, No. 555, and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a California limited liability company doing business as "FBM" a fictious Missouri entity. Defendant previously operated as FBM/Wagner Distribution, LLC. The Defendant is doing business in the State of Missouri and particularly in the Western District of Missouri, and at all times material herein employed laborers performing work covered by the collective bargaining agreement herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151, and 29 U.S.C. § 185.

8.      Defendant on or about **July 14, 2014**, executed a collective bargaining agreement with the Laborers Locals No. 264 and 1290; that Defendant is thereby bound by said collective bargaining agreement in effect on said dates and all agreement(s) subsequent thereto.

9.      Laborer employees of the Defendant were employed under the terms of the above referenced collective bargaining agreement between the Defendant and the Laborers Locals No. 264 and 1290 under which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreement from **July 14, 2014,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant

10.     Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2018,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **January 1, 2018**, to date.

11.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. § 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12.     Under the agreement hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and

other records relevant to and of assistance in determining whether Defendant's obligations under said agreement to make payments to said Plaintiff Fund have been faithfully performed

13. An audit of Defendant's books and records for the period **January 1, 2015 through December 31, 2017**, shows that Defendant owes Plaintiffs **TWO HUNDRED THREE THOUSAND, ONE HUNDRED FIFTY-SEVEN AND 31/100 ($203,157.31) DOLLARS** in unpaid fringe benefit contributions, **FORTY THOUSAND, SIX HUNDRED THIRTY-ONE AND 45/100 ($40,631.45) DOLLARS** as and for liquidated damages and **TWENTY THOUSAND, FORTY-EIGHT AND 35/100 ($20,048.35) DOLLARS** as and for interest.

14. The collective bargaining agreement and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15. The collective bargaining agreement and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended

16. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreement and Trust Agreement, as amended, and herein referred to.

17. Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreement and Trust Agreement, as amended; and this action is

brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2018,** to date; and

B. For judgment against Defendant in the amount of **TWO HUNDRED THREE THOUSAND, ONE HUNDRED FIFTY-SEVEN AND 31/100 ($203,157.31) DOLLARS** in unpaid fringe benefit contributions, **FORTY THOUSAND, SIX HUNDRED THIRTY-ONE AND 45/100 ($40,631.45) DOLLARS** as and for liquidated damages and **TWENTY THOUSAND, FORTY-EIGHT AND 35/100 ($20,048.35) DOLLARS** for interest due and owing for the period **January 1, 2015 to December 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreement times the hourly amounts due under said agreement for the period **January 1, 2018,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## **COUNT II**

Come now Plaintiffs, Greater Kansas City Laborers Welfare Fund, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Greater Kansas City Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Greater Kansas City Laborers Welfare Fund; Plaintiff Greater Kansas City Laborers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Fund was established on April 1, 1962, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2015 through December 31, 2017**, shows that Defendant owes Plaintiffs **TWO HUNDRED THOUSAND, TWO HUNDRED FORTY-SIX AND 45/100 ($200,246.45) DOLLARS** in unpaid fringe benefit contributions, **FORTY THOUSAND, FORTY-NINE AND 33/100 ($40,049.33) DOLLARS** as and for liquidated damages and **NINETEEN THOUSAND, SEVEN HUNDRED EIGHTY-FOUR AND 99/100 ($19,784.99) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2018,** to date; and

B. For judgment against Defendant in the amount of **TWO HUNDRED THOUSAND, TWO HUNDRED FORTY-SIX AND 45/100 ($200,246.45) DOLLARS** in unpaid fringe benefit contributions, **FORTY THOUSAND, FORTY-NINE AND 33/100 ($40,049.33) DOLLARS** as and for liquidated damages and **NINETEEN THOUSAND, SEVEN HUNDRED EIGHTY-FOUR AND 99/100 ($19,784.99) DOLLARS** for interest due and owing for the period **January 1, 2015 to December 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked

and/or paid to employees covered by said agreement times the hourly amounts due under said agreement for the period **January 1, 2018,** to date; and

    C.    For judgment against Defendant for liquidated damages; and

    D.    For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

    E.    For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

    F.    For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

    G.    For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended; and

    H.    For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

    I.    For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

    J.    For judgment against Defendant for costs incurred in this action; and

    K.    For such other relief as the Court may deem appropriate.

### **COUNT III**

Come now Plaintiffs, Greater Kansas City Laborers Vacation Plan, a Trust Fund, and Reginald L. Thomas and Donald E. Greenwell, III, duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan, and, for their cause of action under Count III against Defendant, state:

{00414476;L18-211;ADS }

9

Case 4:20-cv-00215-BP   Document 1   Filed 03/19/20   Page 9 of 14

1. Plaintiffs, Reginald L. Thomas and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiff Greater Kansas City Laborers Vacation Plan (hereinafter referred to as "Plaintiff Plan") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Plan was established on November 21, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2015 through December 31, 2017**, shows that Defendant owes Plaintiffs **THIRTY-EIGHT THOUSAND, SIX HUNDRED EIGHTY-NINE AND 02/100 ($38,689.02) DOLLARS** in unpaid fringe benefit contributions, **SEVEN THOUSAND, SEVEN HUNDRED THIRTY-SEVEN AND 80/100 ($7,737.80) DOLLARS** as and for liquidated damages and **THREE THOUSAND, EIGHT HUNDRED FORTY-FOUR AND 74/100 ($3,844.74) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2018,** to date; and

B. For judgment against Defendant in the amount of **THIRTY-EIGHT THOUSAND, SIX HUNDRED EIGHTY-NINE AND 02/100 ($38,689.02) DOLLARS** in unpaid fringe benefit contributions, **SEVEN THOUSAND, SEVEN HUNDRED THIRTY-SEVEN AND 80/100 ($7,737.80) DOLLARS** as and for liquidated damages and **THREE THOUSAND, EIGHT HUNDRED FORTY-FOUR AND 74/100 ($3,844.74) DOLLARS** for interest due and owing for the period **January 1, 2015 to December 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreement times the hourly amounts due under said agreement for the period **January 1, 2018,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Greater Kansas City Laborers Training Fund, a Trust Fund, and Reginald L. Thomas and Dr. Richard Bruce, duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Greater Kansas City Laborers Training Fund, and, for their cause of action under Count IV against Defendant, state:

1. Plaintiffs, Reginald L. Thomas and Dr. Richard Bruce, are duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Greater Kansas City Laborers Training Fund; Plaintiff Greater Kansas City Laborers Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Fund was established on October 1, 1974, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264 and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2015 through December 31, 2017**, shows that Defendant owes Plaintiffs **EIGHTEEN THOUSAND, FIVE HUNDRED**

SIXTY-TWO AND 93/100 ($18,562.93) DOLLARS in unpaid fringe benefit contributions, THREE THOUSAND, SEVEN HUNDRED TWELVE AND 57/100 ($3,712.57) DOLLARS as and for liquidated damages and ONE THOUSAND, EIGHT HUNDRED TWELVE AND 08/100 ($1,812.08) DOLLARS as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2018,** to date; and

B. For judgment against Defendant in the amount of **EIGHTEEN THOUSAND, FIVE HUNDRED SIXTY-TWO AND 93/100 ($18,562.93) DOLLARS** in unpaid fringe benefit contributions, **THREE THOUSAND, SEVEN HUNDRED TWELVE AND 57/100 ($3,712.57) DOLLARS** as and for liquidated damages and **ONE THOUSAND, EIGHT HUNDRED TWELVE AND 08/100 ($1,812.08) DOLLARS** for interest due and owing for the period **January 1, 2015 to December 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreement times the hourly amounts due under said agreement for the period **January 1, 2018,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

Respectfully Submitted,

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Bradley J. Sollars*
Bradley J. Sollars, No. 54931

*/s/ Aaron D. Schuster*
Aaron D. Schuster, No. 68672
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
(816) 421-5788
FAX (816) 471-5574
*Attorneys for Plaintiffs*